STOULIG, Judge.
Plaintiff, General Aviation Corporation, obtained a $1,465.44 judgment[1] against defendant Hilbert Loeb in a suit on open account for gasoline charged to H. S. Loeb on Exxon Credit Card No. 375 616 976. Defendant has appealed urging reversal on the ground that plaintiff failed to prove the gasoline was purchased by Loeb’s authorized agent.
Plaintiff submitted 18 service station charge tickets reflecting various purchases of gasoline for airplanes at the New Orleans Lakefront Airport on the account of H. S. Loeb. Each ticket is handwritten rather than imprinted with a credit card and is signed “H. S. Loeb per J. Riedl.” Because the tickets were not stamped with a credit card, Exxon refused to honor them once H. S. Loeb returned all the charge slips to the oil company with the notation these were unauthorized purchases. Hence this suit.
At the outset, we note it is overwhelmingly apparent from the record that Hilbert Loeb’s conduct in the course of this trial reflects his contempt for the judicial system and his determination to impede honest inquiry with hostility and evasiveness. The quality of Loeb’s testimony is summed up by this observaton of the trial judge:
“Let me say this in the record; counsel: If you can prove this case from your side we are probably spinning our wheels here because we are anticipating defenses.' You may need his testimony to prove your case and if so, God help you, but let me say for your benefit, and I want this clearly in the record. So far I haven’t believed one word Mr. Loeb has said; if it was true it was accidentally true and not true because he said it.”
Therefore, his denial that he authorized J. Riedl can be assigned very little weight in evaluating the evidence.
The record reflects the gasoline in question was used to fuel two airplanes, one owned by Welch and Loeb and a second leased by First Management Corporation.
First Management Corporation administered and kept books for several corporations and partnerships in which Hilbert Loeb or his wife Janet had a controlling interest. Defendant admitted he was president of this corporation, conceded it was not paid a fee for services rendered to the other business entities and reluctantly acknowledged J. Riedl was employed to pilot the planes in which the gasoline was pumped by plaintiff. He further admitted the flights were for business purposes of one of his various enterprises.
*684 Under these circumstances, we conclude that Riedl was clothed with apparent authority to act on Loeb’s behalf, since he was in possession of and piloting aircraft either owned or leased by defendant. C.C. art. 3000 recognizes the right of third parties to contract with one having apparent authority to deal for his principal in providing :
“Powers granted to persons, who exercise a profession, or fulfill certain functions, or doing any business in the ordinary course of affairs to which they are devoted, need not be specified, but are inferred from the functions which these mandataries exercise.”
In addition, Riedl furnished the correct charge name and credit card number of H. S. Loeb, and when we couple this fact with the circumstance of his piloting defendant’s plane, we can only conclude it was more than reasonable for plaintiff’s agent to draw the inference that Riedl was Loeb’s agent. This is not to say that Loeb would be estopped from disproving the relationship, but in view of the trial court’s observation as to his lack of credibility, we find the presumptive agency relationship has not been rebutted.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.
AFFIRMED.

. Suit was filed against First Management Corporation and judgment was rendered in the sum of $678.25, from which no appeal was taken. Robert Welch was also named as a defendant but 1ns debt was discharged by a bankruptcy adjudication before this matter came to trial in the district court.